# Illinois Official Reports

## Appellate Court

---

### *People v. Walker*, 2018 IL App (3d) 150527

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRIST E. WALKER, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0527 |
| Filed | January 4, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 05-CF-176; the Hon. Clark E. Erickson, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Bryon Kohut, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Jim Rowe, State's Attorney, of Kankakee (Patrick Delfino, Lawrence M. Bauer, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices Lytton and McDade concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Christ E. Walker, appeals from the dismissal of his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)). Defendant contends that his appointed counsel provided inadequate assistance. We reverse and remand for further proceedings.

¶ 2      FACTS

¶ 3      A jury found defendant guilty of two counts of first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2004)), one count of attempted murder of a peace officer (720 ILCS 5/8-4(a), 9-1(b)(1) (West 2004)), two counts of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2), (3) (West 2004)), one count of aggravated assault (720 ILCS 5/12-2(a)(6) (West 2004)), and one count of aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2004)).

¶ 4      On April 4, 2006, the trial court merged the appropriate counts and sentenced defendant to the following: 49 years' imprisonment for first degree murder, 20 years' imprisonment for attempted murder of a peace officer; 10 years' imprisonment for aggravated discharge of a firearm, and 5 years' imprisonment for AUUW. Defendant's sentence for first degree murder was ordered to run consecutive to the remaining sentences, resulting in an aggregate sentence of 69 years' imprisonment.

¶ 5      On direct appeal, this court affirmed defendant's convictions and sentences. *People v. Walker*, 386 Ill. App. 3d 1025 (2008). Thereafter, defendant filed several additional but unsuccessful collateral appeals. See *People v. Walker*, No. 3-10-0077 (2010) (unpublished order under Supreme Court Rule 23); *People v. Walker*, No. 3-11-0100 (2011) (unpublished summary order under Supreme Court Rule 23(c)); *People v. Walker*, No. 3-11-0642 (2013) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 6      Next, defendant appealed the denial of his second motion for leave to file a successive postconviction petition (denied November 14, 2013). On appeal, this court ordered the trial court to vacate defendant's AUUW conviction and sentence. *People v. Walker*, No. 3-14-0022 (2016) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 7      On January 23, 2015, defendant filed a *pro se* section 2-1401 petition, which is the subject of this appeal. The petition alleged that the firearm enhancement to his first degree murder sentence was void because it was not presented to the jury. The petition also alleged that the evidence was insufficient to prove his guilt for the offense of attempted murder of a peace officer. The petition did not include any allegations to explain why defendant filed the petition nearly 10 years after his conviction.

¶ 8      At a hearing on the petition, defendant requested counsel to represent him on his section 2-1401 petition. The trial court, in an exercise of its discretion, appointed counsel to represent defendant.

¶ 9      At the next hearing, appointed counsel informed the court that he had reviewed defendant's petition, met with defendant, and discussed the petition with defendant. Counsel noted that, initially, it was unclear whether the public defender could be appointed to represent an indigent defendant in a section 2-1401 proceeding, however counsel told the court,

"Since then, I was appointed by [the public defender's office] and then I went out to the jail to discuss the options with [defendant] and I have reviewed it, the petition with him. There's really no procedural guideline here like under post-conviction law, the State would either be given a chance to answer or to file a motion to dismiss, but this is a 1401 and there's really no—no standard here."

¶ 10    The State then asked appointed counsel if he was adopting defendant's *pro se* petition. Appointed counsel responded,

"[A]s to whether I'm adopting the 1401, there's really no question of whether I can adopt it or not. My—the duty I see under the case law that I've read is that I just have to present his claims in court basically. So it's—I'm—I'm basically going to defend it."

¶ 11    The parties agreed to continue the matter for a hearing. At the conclusion, the trial court noted that the instant case "really comes down to reviewing the transcript." Appointed counsel replied, "Actually, Judge, I—I don't—I mean unlike [Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013)], which specifically governs post convictions, I don't even think that that needs to be done in this situation."

¶ 12    The court replied, "[M]aybe it's not required to be done, but it seems like I mean somebody would probably want to review the transcripts. Okay." The court concluded, "You don't have to. I mean I guess you can make your arguments and I'll review them, but okay."

¶ 13    When the parties returned to court for the next hearing, the State asked for leave to file a motion to dismiss defendant's petition. The court allowed the request and provided appointed counsel time to file a response to the State's motion. Before the hearing concluded, appointed counsel told defendant that he would review the State's motion, meet with defendant to discuss the motion, and discuss how to respond to the motion.

¶ 14    Next, the State filed its motion to dismiss. In the motion, the State argued that the petition was untimely. In addition, the State argued that the petition failed to allege any of the exceptions to excuse the untimely filing. Specifically, the State asserted,

"The judgment petitioner attacks in his 2-1401 petition was entered in 2006. There is no claim either in the body of the petitioner's filing, or in any affidavit, that the petitioner is under a legal disability or duress, or the grounds for relief are fraudulently concealed. Thus the petitioner's petition must be dismissed as untimely."

¶ 15    Thereafter, appointed counsel filed a response to the State's motion to dismiss. The response acknowledged that the petition was untimely. However, the response denied the allegations made in the State's motion to dismiss that there was no basis alleged to excuse the untimely filing. The response did not expressly allege any excuse for the untimely filing.

¶ 16    The trial court then held a hearing on the State's motion to dismiss. At the hearing, the State repeated its argument that the petition failed to allege that defendant was under a legal disability or duress or that the grounds for relief were fraudulently concealed. The State asserted that the petition was untimely and, therefore, should be dismissed.

¶ 17    In response, appointed counsel argued that the timeliness of the petition was factual in nature. According to counsel, therefore, it was inappropriate to raise the issue in a proceeding that was simply a matter of sufficiency of law. Appointed counsel asserted that "in the interest of justice," defendant should be allowed "to testify as to the conditions of his cell and the conditions of his home institution at Menard and his inability to gain access to the investigative tools and materials necessary" to assert fraudulent concealment. According to appointed

counsel, without any "specific powers of investigation," his ability to claim fraudulent concealment was limited. Counsel, therefore, asked the court to deny the State's motion to dismiss and set the matter for an evidentiary hearing.

¶ 18 In reply, the State asserted that appointed counsel's argument was not a factual argument but merely a legal argument. The State noted that no exception to the time limitations period had been pled in defendant's petition, and the court had no choice but to dismiss the petition. The trial court took the matter under advisement.

¶ 19 While under advisement, defendant filed a *pro se* response to the State's motion to dismiss. In the response, defendant asserted that the two-year limitations period did not apply because he was challenging a void order. Defendant further asserted that he suffered from severe depression and was placed in the mental health unit in Menard Correctional Center shortly after his arrival in 2006. According to defendant, he remained in solitary confinement for four years while in the mental health unit. In 2014, defendant was removed from the mental health unit and placed in general population. Defendant further asserted that he was not given law books to use in filing his petition because they were not permitted to be removed from the law library.

¶ 20 On July 20, 2015, the trial court held a hearing in which it allowed the State's motion to dismiss because defendant's petition failed to make any showing of an excuse for its untimeliness. After the court announced its decision, appointed counsel stated that he was not adopting defendant's *pro se* response to the State's motion to dismiss. Counsel stated that he had read defendant's response, and "there was nothing that I find I can add at this time to the matter." Defendant filed a notice of appeal, and new counsel was appointed to represent him on appeal.

¶ 21 While on appeal, newly appointed counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). We denied the motion, and this appeal follows.

¶ 22 ANALYSIS

¶ 23 On appeal, defendant contends that his court-appointed counsel for his section 2-1401 petition failed to provide adequate assistance. Specifically, defendant argues that counsel was inadequate for failing to amend his petition to overcome the procedural bar of timeliness. Because appointed counsel proceeded under the incorrect belief that he was not required to review the record or make any amendments to defendant's *pro se* petition, we find counsel provided inadequate assistance.

¶ 24 Before discussing the adequacy of appointed counsel's assistance, we first address the level of assistance required of counsel in a section 2-1401 proceeding. A section 2-1401 petition is brought under the Code. 735 ILCS 5/2-1401 (West 2008). Unlike the provisions of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2008)), section 2-1401 does not provide for the appointment of counsel. Compare 725 ILCS 5/122-4 (West 2008), with 735 ILCS 5/2-1401 (West 2008). Further, while the Act provides a statutory right to a reasonable level of assistance, section 2-1401 is silent on the requisite level of assistance guaranteed to a section 2-1401 petitioner. Although the supreme court has not specifically defined the required level of assistance appointed counsel must provide to a section 2-1401 petitioner, the decisions in *Tedder v. Fairman*, 92 Ill. 2d 216 (1982), and *People v. Pinkonsly*, 207 Ill. 2d 555 (2003), are instructive.

¶ 25    In *Tedder*, 92 Ill. 2d at 226, the supreme court held that although indigent criminal defendants may receive appointed counsel to represent them in civil actions, appointed counsel is not required in such civil proceedings. The *Tedder* court stated that the level of assistance required for appointed counsel in such instances is to exercise due diligence. *Id.* at 227. The court did not hold that appointed counsel must provide reasonable assistance analogous to that of counsel appointed in postconviction petition proceedings. Additionally, the court did not say that appointed counsel in civil proceedings must satisfy the requirements of Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). The court in *Tedder* ultimately concluded that the appointed attorneys were required to help the defendants amend their petitions because the trial court had found that their petitions were inadequate and had appointed counsel to address the deficient petitions. *Tedder*, 92 Ill. 2d at 226.

¶ 26    Subsequently, in *Pinkonsly*, defendant argued that appointed counsel in section 2-1401 proceedings provided ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). *Pinkonsly*, 207 Ill. 2d at 560-68. Defendant contended that counsel was ineffective by failing to raise a specific lesser-included offense argument. *Id.* at 567. The *Pinkonsly* court first held that it was inappropriate to hold appointed counsel to the *Strickland* standard. *Id.* at 568. In reaching this conclusion, the supreme court noted:

> "The defendant here is not a postconviction petitioner, but instead a section 2-1401 petitioner. Section 2-1401 does not specify any level of assistance, and the appellate court erroneously applied the *Strickland* standard to the defendant's claim that his section 2-1401 attorney was ineffective." *Id.*

¶ 27    The *Pinkonsly* court went on to say,

> "[a]ssuming that the defendant was entitled to the same level of assistance on his section 2-1401 petition as on a postconviction petition, the defendant did not receive unreasonable assistance. The defendant's attorney was not unreasonable for failing to raise a putative legal error in a proceeding where only fact errors are cognizable." *Id.*

Notably, however, the *Pinkonsly* court did not state that appointed counsel in a section 2-1401 proceeding must satisfy the reasonable assistance requirements reflected in Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). That is because the question presented was whether the *Strickland* standard applied in the section 2-1401 context. The court was not asked to decide whether the reasonable assistance standard applied to attorneys appointed in section 2-1401 proceedings or in any other civil proceedings. Thus, it is arguably *dicta* that appointed counsel in a section 2-1401 proceeding is required to satisfy the reasonable assistance standard. Therefore, the question remains open as to whether appointed counsel must satisfy the due diligence standard under *Tedder* or the reasonable assistance standard under the *dicta* from *Pinkonsly*.

¶ 28    Following *Pinkonsly*, this court issued the opinion in *People v. Welch*, 392 Ill. App. 3d 948 (2009), which—like the instant case—involved the adequacy of appointed counsel's representation in a section 2-1401 proceeding. In *Welch*, the parties did not raise an issue as to the level of assistance to which a section 2-1401 petition is entitled. Instead, citing *Pinkonsly* this court "assume[d] that a section 2-1401 petitioner is entitled to the same level of assistance as a postconviction petitioner." *Id.* at 952.

¶ 29    Although our consideration of the above cases would persuade us to find that a section 2-1401 petitioner who is appointed counsel is entitled to reasonable assistance, we need not reach this issue. As we will discuss below, we find that appointed counsel failed to provide

adequate assistance under either standard (reasonable assistance or due diligence).

¶ 30                                        I. Reasonable Assistance

¶ 31        Here, appointed counsel operated on the belief that his only obligation to defendant was to present the specific claims found in defendant's *pro se* petition. While this statement is true (*People v. Pendleton*, 223 Ill. 2d 458, 476 (2006) (appointed postconviction counsel is not obligated to raise new or novel claims outside defendant's petition)), the reasonable assistance standard requires appointed counsel to make any amendments necessary for an adequate presentation of the issues found in the petition. See Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Stated another way, counsel does not have an obligation to raise new or novel claims, but he does have an obligation to ensure that any existing claims are properly presented to the court. In the postconviction context, this requires counsel to allege available facts to overcome the procedural bar of timeliness. See *Perkins*, 229 Ill. 2d at 44.

¶ 32        In this case, defendant filed his section 2-1401 petition beyond the two-year limitations period. Where a section 2-1401 petition is filed beyond two years after the judgment was entered, it cannot be considered. *People v. Caballero*, 179 Ill. 2d 205, 210 (1997). An untimely filed section 2-1401 petition, however, may be considered if the record conclusively shows that the person seeking relief is under legal disability or duress, the grounds for relief are fraudulently concealed, or the order is void. *Id.* at 211; *People v. Thompson*, 2015 IL 118151, ¶ 31. Defendant's *pro se* petition also failed to allege any of the required basis for excusing an untimely filed petition. Therefore, on its face, defendant's *pro se* petition was deficient.

¶ 33        Relying on the above deficiency, the State moved to dismiss defendant's *pro se* petition because defendant failed to plead an excuse to overcome the procedural bar of timeliness. Despite this, appointed counsel did not amend the petition. Instead, appointed counsel simply filed a response generally denying the State's assertion that there was no basis to excuse the untimely filing. Appointed counsel, however, was aware of defendant's alleged inability to access legal materials at the prison law library due to frequent lockdowns. This allegation could have potentially been used to overcome the section 2-1401 procedural time bar. Appointed counsel was therefore required to amend defendant's petition to allege this excuse.

¶ 34        Significantly, we note that appointed counsel thought this excuse had some merit because counsel sought an evidentiary hearing on this issue. The problem is that counsel was incorrect because a hearing would only be necessary if defendant pled any facts that would warrant such a hearing. *PSI Resources, LLC v. MB Financial Bank, National Ass'n*, 2016 IL App (1st) 152204, ¶ 29 (once the opposing party moves to dismiss on timeliness grounds, it was incumbent upon the responding party to set forth facts sufficient to avoid the statutory limitation). In other words, the excuse should have been pled in defendant's petition or the response to the State's motion so that the procedural bar could potentially be overcome and the matter could proceed to a hearing on the substantive claims in defendant's petition. Since appointed counsel failed to recognize this, the court was required to dismiss the petition as untimely. Appointed counsel was, therefore, unreasonable for failing to amend the petition to allege available facts necessary to overcome the procedural bar of timeliness. *Perkins*, 229 Ill. 2d at 44.

## II. Due Diligence

Although our supreme court has not specifically defined the requirements of due diligence (whether it is a lower standard than reasonable assistance), the court in *Tedder* found that due diligence required appointed counsel to perform the tasks assigned by the court. *Tedder*, 92 Ill. 2d at 226-27. In *Tedder,* that meant amending defendant's *pro se* petition, which the court told counsel was inadequate. *Id.* at 227. In this case, in addition to counsel's failure to address the procedural time bar, counsel also declined to review the transcripts from the proceedings in the face of the trial court's instruction that a review of the transcripts was necessary to assist defendant in presenting his *pro se* petition. Appointed counsel's actions taken together show that he made no effort to review defendant's claims and provide the professional assistance the trial court deemed necessary to adequately represent defendant. The justification for appointing counsel in a section 2-1401 proceeding is to "ensure that prisoners have meaningful access to the courts." *Caruth v. Quinley*, 333 Ill. App. 3d 94, 100 (2002) (Cook, J., dissenting). Given that counsel believed that he was not obligated review the transcripts, to amend—or even consider amending—defendant's *pro se* petition, we cannot say that counsel exercised *any* diligence in assisting defendant. Because we find appointed counsel failed to satisfy the reasonable assistance and due diligence standards, we remand the matter for further proceedings and the appointment of new counsel.

In reaching this conclusion, we reject the State's argument that appointed counsel provided adequate assistance because any argument to overcome the procedural bar of timeliness is without merit. The State also argues that the substantive issue raised in defendant's *pro se* petition is without merit. These arguments ignore the fact that our supreme court has consistently held that remand is required where appointed counsel failed to fulfill the reasonable assistance requirements regardless of whether the claims raised in the petition had merit. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007) (collecting cases). We note that, after a review on remand, newly appointed counsel may very well determine that defendant's claims lack merit. See *People v. Greer*, 212 Ill. 2d 192, 205 (2004) (under Illinois Supreme Court Rule 137 (eff. July 1, 2013) appointed counsel "who determines that defendant's claims are meritless cannot in good faith file an amended petition on behalf of defendant"). In such an instance counsel should move to withdraw. *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 14. If not, counsel should amend defendant's petition to adequately present his *pro se* claims. *Id.* ¶ 13.

## CONCLUSION

The judgment of the trial court of Kankakee County is reversed and remanded for further proceedings and the appointment of new counsel.

Reversed and remanded with directions.