NOTICE
Decision filed 01/28/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170035-U

NO. 5-17-0035

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 92-CF-1017 |
| | ) | |
| JEDENE RANDOLPH ROOKS, | ) | Honorable |
| | ) | Jennifer L. Hightower, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WHARTON delivered the judgment of the court.
Presiding Justice Welch and Justice Overstreet concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where appointed counsel for defendant, Jedene Randolph Rooks, failed to ensure that the existing claims alleged by Rooks in his *pro se* section 2-1401 (735 ILCS 5/2-1401 (West 2010)) petition were properly presented to the court and failed to allege available facts to overcome the applicable two-year limitations period, we reverse the trial court's judgment denying the section 2-1401 petition filed by appointed counsel and remand this case to the trial court for appointment of new counsel and further proceedings.

¶ 2    Defendant, Jedene Randolph Rooks (Rooks), pled guilty to unlawful possession with intent to deliver cocaine (Ill. Rev. Stat. 1989, ch. 56½, ¶ 1401(c)(2) (now at 720 ILCS 570/401(c)(2) (West 2016))) on December 10, 1993, in exchange for a six-year term of imprisonment that was to be served concurrently with a federal sentence. On

1

January 31, 2013, Rooks filed a *pro se* petition for relief pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)) based upon new information he learned after obtaining documents pursuant to a Freedom of Information Act request. 5 ILCS 140/1 *et seq.* (West 2010). The trial court *sua sponte* dismissed Rooks's petition on February 11, 2013, finding that the petition was untimely and otherwise did not "fall within any category of collateral remedies that would be available to Defendant." Rooks appealed to this court and we vacated the dismissal because the trial court erred in dismissing his petition less than 30 days after it was filed. *People v. Rooks*, No. 5-13-0102 (2014) (unpublished summary order under Illinois Supreme Court Rule 23(c)). Upon remand from this court, counsel was appointed to represent Rooks in late March 2015. Counsel did not initially file an amended 2-1401 petition. Instead, he filed a petition for writ of *habeas corpus*. Counsel eventually withdrew that petition and filed a 2-1401 petition incorporating the same arguments from the *habeas corpus* petition. On December 21, 2016, the trial court granted the State's motion to dismiss this petition and denied the 2-1401 petition. Rooks sought leave to proceed on a *pro se* basis with his original 2-1401 petition, but the trial court disallowed this request. Rooks appeals from the trial court's denial of his motion for reconsideration of that order.

¶ 3     We have jurisdiction over this appeal pursuant to article VI, section 6 of the Illinois Constitution and Illinois Supreme Court Rules 301 and 304(b)(3). Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 304(b)(3) (eff. Jan. 1, 1989).

¶ 4                            BACKGROUND

¶ 5    Rooks filed his *pro se* section 2-1401 petition for relief on January 31, 2013. Rooks submitted numerous "newly discovered" facts stemming from his Freedom of Information Act request. Using these new facts, Rooks then argued that the State's Attorney's presentation of the evidence against him at his plea hearing was erroneous and thus the judgment was based on an insufficient factual basis. Rooks asserted that if the State's Attorney had presented the true and accurate facts to the trial court, the court could have found that the State lacked sufficient evidence to establish the elements of the offense. Rooks also alleged that the State's Attorney improperly withheld and/or failed to provide this potentially exculpatory evidence from Rooks, his trial attorney, and the court.

¶ 6    The trial court appointed counsel to represent Rooks in March 2015. Rooks registered his dissatisfaction with his counsel by writing letters to the court and filing a motion to have a different attorney appointed. According to these letters and the motion, Rooks had not heard from his attorney except for receipt of a July 2015 letter by which the attorney stated that he was unsure of what Rooks wanted to accomplish. The trial court held a prehearing conference on May 20, 2016, and noted in its order that the attorney appointed to represent Rooks indicated that he would "soon" be presenting Rooks with a rough draft of a pleading.

¶ 7    On July 5, 2016, Rooks's attorney filed a petition for writ of *habeas corpus* in which he alleged that the 1993 plea deal Rooks accepted was the result of an "over-zealous prosecution" and that he received ineffective assistance of counsel because his

3

attorney had not adequately reviewed discovery or conferred with Rooks about the offered plea deal. The theory advanced in this pleading was that the State's charges resulted in a meaningless conviction because Rooks served his state sentence concurrent with his federal conviction. In other words, the conviction was meaningless because the State would have sought consecutive sentencing if it really had intended to punish Rooks.

¶ 8    Rooks wrote a letter to the trial court indicating that he disagreed with the attorney's decision to file the petition for writ of *habeas corpus* and that he had not been provided with a draft of the petition before it was filed. On August 29, 2016, the trial court granted Rooks's counsel 30 additional days in which to amend or adopt Rooks's January 31, 2013, *pro se* section 2-1401 petition.

¶ 9    On October 12, 2016, Rooks's counsel withdrew the *habeas corpus* petition. The trial court entered its order granting Rooks's counsel an additional 45 days to amend or adopt Rooks's *pro se* petition.

¶ 10   On December 9, 2016, Rooks's counsel filed a section 2-1401 petition. This petition contained the identical arguments Rooks's counsel advanced in the *habeas corpus* petition. The petition contained none of the facts and arguments Rooks had included in his *pro se* petition.

¶ 11   On December 15, 2016, Rooks's appointed counsel filed his Supreme Court Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013)) certificate stating that he had consulted with Rooks by mail to ascertain his claim of deprivation of constitutional rights; that he had examined the trial court file and report of proceedings of Rooks's guilty plea; and

4

that he had made amendments to Rooks's *pro se* petition necessary for an adequate presentation of his claims.

¶ 12    The State filed a motion to dismiss, arguing that Rooks's section 2-1401 petition was untimely and failed to state a cognizable claim for relief. The State also claimed that Rooks waived all issues because he failed to seek to withdraw his plea of guilt, failed to file a direct appeal, and/or failed to file a petition for postconviction relief.

¶ 13    On December 21, 2016, the trial court granted the motion to dismiss and denied the 2-1401 petition. The court found that Rooks's allegations of ineffective assistance of trial counsel were not appropriate for section 2-1401 review because the allegations did not challenge the factual basis for the judgment. The court also found that the petition was untimely.

¶ 14    On January 3, 2017, Rooks filed a *pro se* motion to discharge counsel and to allow him to proceed *pro se.* He also asked the trial court to consider his original section 2-1401 petition. The court granted Rooks's motion to discharge his appointed counsel and advised him of his right to appeal. Rooks filed a motion for reconsideration arguing in part that appointed counsel failed to comply with Supreme Court Rule 651(c). The trial court denied the defendant's motion for reconsideration on January 25, 2017.

¶ 15                                    ANALYSIS

¶ 16    On appeal, Rooks raises two issues: (1) whether his due process rights were violated when the trial court granted the State's motion to dismiss his section 2-1401 petition without first allowing Rooks the opportunity to respond and/or before the petition was ripe for adjudication; and (2) whether his appointed counsel's failure to amend his

section 2-1401 petition to allege facts that would overcome the two-year limitations period amounted to ineffective assistance of counsel warranting reversal.

¶ 17    Section 2-1401 (735 ILCS 5/2-1401 (West 2012)) provides an extensive statutory process to challenge final orders and judgments more than 30 days after entry. *People v. Vincent*, 226 Ill. 2d 1, 14, 871 N.E.2d 17, 26-27 (2007). In order to obtain relief, the section 2-1401 petition must set forth specific factual allegations supporting three elements: (1) the existence of a meritorious claim or defense; (2) due diligence on the part of the petitioner in presenting the claim or defense to the trial court; and (3) due diligence in filing the section 2-1401 petition. *In re Marriage of Callahan*, 2013 IL App (1st) 113751, ¶ 17, 984 N.E.2d 531. Although section 2-1401 is a civil remedy, the statute applies to criminal cases as well. *Vincent*, 226 Ill. 2d at 7. "A section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." (Internal quotation marks omitted.) *People v. Pinkonsly*, 207 Ill. 2d 555, 566, 802 N.E.2d 236, 243 (2003) (quoting *People v. Haynes*, 192 Ill. 2d 437, 461, 737 N.E.2d 169, 182 (2000)). However, a section 2-1401 petition is not intended to provide the petitioner with a general review of all trial errors, such as ineffective assistance of counsel. See *People v. Berland*, 74 Ill. 2d 286, 314, 385 N.E.2d 649, 662 (1978); *Pinkonsly*, 207 Ill. 2d at 565.

¶ 18    A section 2-1401 petition "must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2012). "[W]here a section 2-1401

6

petition is filed beyond two years after the judgment was entered, it cannot be considered." *People v. Caballero*, 179 Ill. 2d 205, 210-11, 688 N.E.2d 658, 660 (1997). Courts must adhere to this two-year limitations period unless there is a clear showing that the petitioner is under a legal disability or duress or if the grounds for relief had been fraudulently concealed. *Id.* at 211; *Berland*, 74 Ill. 2d at 317.

¶ 19　When a trial court dismisses a petition for relief of judgment pursuant to section 2-1401, our review is *de novo*. *Vincent*, 226 Ill. 2d at 14-17.

¶ 20　We begin with the second issue raised by Rooks because the issue is dispositive. Furthermore, the State concedes the issue. In this case, Rooks's appointed counsel failed to properly amend the section 2-1401 petition to allege any set of facts that could potentially excuse the two-year limitations period.

¶ 21　Section 2-1401 contains no guidance on the issue of the requisite level of assistance that appointed counsel must provide to a section 2-1401 petitioner. *People v. Walker*, 2018 IL App (3d) 150527, ¶ 24, 93 N.E.3d 734. The court in *People v. Walker* cited to two supreme court cases that provided guidance on this issue: *Tedder v. Fairman* and *People v. Pinkonsly*.

¶ 22　In *Tedder v. Fairman*, the court concluded that the level of assistance mandated for appointed counsel in a civil action was the exercise of due diligence. *Tedder v. Fairman*, 92 Ill. 2d 216, 227, 441 N.E.2d 311, 315-16 (1982). The supreme court did not find that appointed counsel was required to provide the same level of service as required in postconviction petition—reasonable assistance. *Id.* The *Tedder* court "ultimately concluded that the appointed attorneys were required to help the defendants amend their

7

petitions because the trial court had found that their petitions were inadequate and had appointed counsel to address the deficient petitions." *Walker*, 2018 IL App (3d) 150527, ¶ 25 (citing *Tedder*, 92 Ill. 2d at 226).

¶ 23    In *People v. Pinkonsly*, the supreme court decided that the appellate court improperly utilized the *Strickland v. Washington* standard to find that appointed counsel had been ineffective. In finding that appointed counsel provided adequate assistance, the court noted that "[a]ssuming that the defendant was entitled to the same level of assistance on his section 2-1401 petition as on a postconviction petition, the defendant did not receive unreasonable assistance." *Pinkonsly*, 207 Ill. 2d at 568. The *Pinkonsly* court was not asked to determine the appropriate level of assistance to be provided and therefore did not hold that "appointed counsel in a section 2-1401 proceeding must satisfy the reasonable assistance requirements reflected in Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013)." *Walker*, 2018 IL App (3d) 150527, ¶ 27.

¶ 24    Although the supreme court's "reasonable assistance" comment was *dicta*, the *Walker* court concluded that appointed counsel failed to provide adequate assistance under both the "reasonable assistance" and "due diligence" standards. *Id.* ¶ 29. Appointed counsel in *Walker* believed that his only obligation was to present the claims made in the defendant's *pro se* complaint. *Id.* ¶ 31. The court stated that while counsel does not have a duty to raise new or novel claims, "he does have an obligation to ensure that any existing claims are properly presented to the court." *Id.* In the context of the defendant's section 2-1401 petition, counsel was required to allege all available facts to overcome the two-year limitations period. *Id.* As the defendant's *pro se* petition had not included those

8

necessary facts, the petition had been deficient on its face and appointed counsel was required to amend the defendant's petition. *Id.* ¶ 33. The court found that "[a]ppointed counsel was, therefore, unreasonable for failing to amend the petition to allege available facts necessary to overcome the procedural bar of timeliness." *Id.* ¶ 34. The *Walker* court also found that appointed counsel did not exercise due diligence because he failed to review the transcripts from the underlying proceedings. *Id.* ¶ 36. The court concluded that "[b]ecause we find appointed counsel failed to satisfy the reasonable assistance and due diligence standards, we remand the matter for further proceedings and the appointment of new counsel." *Id.*

¶ 25    In this case, there is no dispute that appointed counsel failed to include any facts supporting a basis for the untimely filing of the petition or to include or amend any of the facts and arguments Rooks made in his *pro se* 2-1401 petition. Rooks had alleged that the State's Attorney assigned to the prosecution in 1992 withheld key facts and video that would have established his innocence of the crime charged. The 2-1401 petition filed by appointed counsel contained no reference to newly discovered facts—including the alleged factual reason why Rooks's petition was not timely filed. As in *Walker*, because appointed counsel made no allegations in support of a late filing as was inherently required by his appointment, his legal representation was inadequate and represented a lack of due diligence. *Walker*, 2018 IL App (3d) 150527, ¶ 34 (citing *People v. Perkins*, 229 Ill. 2d 34, 44, 890 N.E.2d 398, 403 (2007)); *Tedder*, 92 Ill. 2d at 227.

¶ 26    We make no determination on the merit of Rooks's allegations, but note that upon remand, a newly appointed counsel may make his or her own determination. If this new

9

counsel reviews the file and concludes that the claims are without merit, then he or she cannot in good faith file an amended petition on Rooks's behalf and must withdraw. *Walker*, 2018 IL App (3d) 150527, ¶ 37 (citing *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 14, 964 N.E.2d 679); Ill. S. Ct. R. 137 (eff. July 1, 2013). If, however, new counsel determines that the factual allegations may have merit, then he or she should amend Rooks's petition "to adequately present his *pro se* claims." *Walker*, 2018 IL App (3d) 150527, ¶ 37 (citing *Shortridge*, 2012 IL App (4th) 100663, ¶ 13).

¶ 27    We do not address the first issue Rooks raised in this appeal because of our conclusion that this case must be reversed and remanded on Rooks's second issue.

¶ 28                          CONCLUSION

¶ 29    For the reasons stated in this order, we reverse and remand the judgment of Madison County for further proceedings and for the appointment of new counsel.


¶ 30    Reversed and remanded with directions.