NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 230445-U

NO. 4-23-0445

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 31, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Tazewell County |
| JUSTIN M. HAGEMAN, | ) | No. 16CF628 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher R. Doscotch, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Lannerd concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court reversed and remanded for the appointment of new postconviction counsel and further second-stage postconviction proceedings, concluding defendant was denied reasonable assistance from his previously appointed postconviction counsel.

¶ 2   Defendant, Justin M. Hageman, appeals from the circuit court's judgment dismissing his amended postconviction petition at the second stage of postconviction proceedings. On appeal, defendant argues this court should reverse and remand for the appointment of new postconviction counsel and further second-stage postconviction proceedings because his postconviction counsel provided unreasonable assistance by failing to allege facts showing his postconviction petition was timely filed. For the reasons that follow, we agree and reverse and remand for the appointment of new counsel and further second-stage proceedings.

¶ 3   I. BACKGROUND

¶ 4   In 2017, defendant pleaded guilty to aggravated criminal sexual assault (720 ILCS

5/11-1.30(a)(2) (West 2016)) and aggravated domestic battery (*id.* § 12-3.3(a-5)) and was sentenced to a total of 22 years in prison.

¶ 5        In 2020, the Third District affirmed on direct appeal. *People v. Hageman*, 2020 IL App (3d) 170637, 146 N.E.3d 793. Defendant filed a petition for leave to appeal, which our supreme court denied on May 27, 2020. *People* v. *Hageman*, No. 125774 (Ill. May 27, 2020).

¶ 6        In 2021, defendant initiated a proceeding for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2020)). Defendant filed his *pro se* postconviction petition on March 19, 2021. The petition advanced to the second stage of postconviction proceedings, and defendant was appointed postconviction counsel. Postconviction counsel later filed an amended postconviction petition.

¶ 7        In 2022, the State filed a motion to dismiss defendant's amended postconviction petition, arguing, in pertinent part, it was untimely. In response, defendant's postconviction counsel filed an amended postconviction petition, asserting any untimeliness was not due to defendant's culpable negligence. The State, in reply, filed an amended motion to dismiss, addressing the timeliness response from defendant.

¶ 8        In 2023, defendant's postconviction counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), and the circuit court held a hearing on the State's amended motion to dismiss defendant's amended postconviction petition. Following the hearing, the court dismissed defendant's postconviction petition solely on timeliness grounds.

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11        On appeal, defendant argues this court should reverse and remand for the appointment of new postconviction counsel and further second-stage postconviction proceedings

because his postconviction counsel provided unreasonable assistance by failing to allege additional facts showing his amended postconviction petition was timely filed. The State agrees.

¶ 12 The Act "provides a mechanism by which a criminal defendant can assert that his conviction and sentence were the result of a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both." *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. A defendant who is represented by counsel in proceedings under the Act is entitled to "a 'reasonable' level of attorney assistance." *People v. Johnson*, 2018 IL 122227, ¶ 16, 123 N.E.3d 1083. Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) requires postconviction counsel to, amongst other things, make any amendments necessary for an adequate presentation of the defendant's claims. *People v. Custer*, 2019 IL 123339, ¶ 32, 155 N.E.3d 374. Counsel's certification of compliance with Rule 651(c) creates a rebuttable presumption counsel provided the defendant with a reasonable level of assistance. *Id.*

¶ 13 As is relevant to defendant's claim of unreasonable assistance of postconviction counsel, the Act provides the following deadlines for the filing of a postconviction petition:

> "No proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a petition for *certiorari* is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a *certiorari* petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2020).

¶ 14        Ordinarily, a *certiorari* petition must be filed within 90 days after entry of an order denying discretionary review by a state court of last resort. U.S. Sup. Ct. R. 13. However, in response to the COVID-19 pandemic, this deadline was extended to 150 days from the date of the order denying discretionary review. 589 U.S. ___ (Mar. 19, 2020), available at https://www.supremecourt.gov/announcements/covid-19.aspx. This extended deadline applied from March 19, 2020, to July 19, 2021. 594 U.S. ___ (July 19, 2021), available at https://www.supremecourt.gov/announcements/covid-19.aspx.

¶ 15        In this case, our supreme court issued its order denying discretionary review on May 27, 2020. *Hageman*, No. 125774. Defendant, as a result, had to file any *certiorari* petition by October 27, 2020, to comply with the extended 150-day deadline. Absent the filing of a *certiorari* petition, defendant had to file any postconviction petition by April 27, 2021, to comply with the six-month deadline from the date for filing a *certiorari* petition. With the filing of a *certiorari* petition, defendant had to file any postconviction petition within six months following "the conclusion of proceedings in the United States Supreme Court." 725 ILCS 5/122-1(c) (West 2020).

¶ 16        Defendant filed his postconviction petition on March 19, 2021. Defendant averred in a handwritten affidavit attached to his amended postconviction petition he filed a *certiorari* petition on December 7, 2020, which was then "denied" on December 17, 2020. If, for purposes of the deadlines set forth in the Act, the *certiorari* petition filed outside the 150-day deadline is considered to have commenced a proceeding in the United States Supreme Court and the denial of it is considered to be the conclusion of said proceeding, defendant's postconviction petition would be timely filed because it was filed within six months from the denial of the *certiorari* petition. Alternatively, if the filing of a late *certiorari* petition operates as if no petition had been filed for purposes of the deadlines set forth in the Act, defendant's postconviction petition would be timely

filed because it was filed within the six-month deadline from the date for filing a *certiorari* petition. Under either provision of the Act, defendant's postconviction petition was timely filed.

¶ 17    Defendant's postconviction counsel, in response to the State's motion to dismiss defendant's amended postconviction petition on timeliness grounds, did not allege these additional facts showing defendant's petition was timely filed. Therefore, the record shows, contrary to the Rule 651(c) certificate, counsel failed to make amendments to defendant's petition necessary for an adequate presentation of his claims. See *People v. Walker*, 2018 IL App (3d) 150527, ¶ 31, 93 N.E.3d 734 ("In the postconviction context, [counsel is] require[d] *** to allege available facts to overcome the procedural bar of timeliness."). Counsel's performance amounts to unreasonable assistance. Given counsel's performance and the fact the circuit court dismissed defendant's amended postconviction petition solely on timeliness grounds, we find it appropriate to reverse and remand for the appointment of new postconviction counsel and further second-stage postconviction proceedings.

¶ 18                          III. CONCLUSION

¶ 19    For the reasons stated, we reverse and remand for the appointment of new postconviction counsel and further second-stage postconviction proceedings.

¶ 20    Reversed; cause remanded.