NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180629-U

NO. 4-18-0629

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 26, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| BRIAN S. HANSON, | ) | No. 97CF591 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Any claim appointed counsel was deficient is harmless where defendant's petition
            for relief from judgment was meritless.

¶ 2         In October 2017, defendant, Brian S. Hanson, filed *pro se* a petition for relief

from judgment. The trial court denied defendant's petition, finding the petition was untimely and

without merit.

¶ 3         Defendant appeals, contending appointed counsel failed to provide either a

reasonable level of assistance or due diligence where counsel did not amend the petition to

address the timeliness requirement. We affirm.

¶ 4                              I. BACKGROUND

¶ 5          In October 1997, a jury convicted defendant of first degree murder (720 ILCS

5/9-1(a)(1), (2) (West 1996)) under the accountability theory after he and two codefendants shot

Thomas Grandon.

¶ 6          In December 1997, the trial court sentenced defendant to 50 years' imprisonment.

This court affirmed the trial court's judgment on direct appeal. *People v. Hanson*, 302 Ill. App.

3d 1106, 746 N.E.2d 917 (1999) (table) (unpublished order under Supreme Court Rule 23).

¶ 7          In October 2017, defendant filed *pro se* a petition for relief from judgment

pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West

2016)). In his petition, defendant argued the trial court misinterpreted the mandatory supervised

release (MSR) statute and therefore his sentence was void. Specifically, defendant argued the

additional MSR period would require him to serve time beyond his determinative sentence and

the period of MSR should instead be subtracted from his determinative sentence. In addition,

defendant argued the MSR statute is an unconstitutional intrusion by the legislature on the

judiciary and the extension of his sentence by MSR violates his due process rights and

constitutes double jeopardy.

¶ 8          Along with his petition, defendant filed an application for leave to sue as a poor

person and a motion for the appointment of counsel. The trial court appointed the Macon County

public defender to represent defendant.

¶ 9          In November 2017, appointed counsel requested a continuance, so he could "have

a better handle of what is going on with it." The trial court allowed the motion with no objection.

¶ 10          In January 2018, appointed counsel requested a second continuance, stating, "I'm

looking at it. [Defendant's] making claims of unconstitutionality of statute and things along that

nature. I need to look into it." The motion to continue was allowed with no objection.

¶ 11   In March 2018, appointed counsel requested a third continuance for 30 days. Counsel stated, "By that time, I'll have, I don't think I'm going to have to file an amended petition because this is very thorough. I do find some caselaw that I think is favorable to him and his petition. I'm doing further research and I want to confer with [defendant] to let him know what my research is and what we're planning on doing." The trial court allowed the continuance with no objection.

¶ 12   In April 2018, appointed counsel requested a fourth continuance for 30 days, stating, "At that point and time I will be filing my certificate. I have talked with [defendant]. There is one more matter that I need to look into to see if I am going to do any amending to his petition or not." The trial court allowed the motion with no objection.

¶ 13   On June 8, 2018, appointed counsel informed the trial court he was adopting the *pro se* petition. The trial court gave the State 30 days to respond to the petition. The State filed its response on July 6, 2018, arguing the petition was not timely where section 2-1401 of the Code "specifies that a party may petition for relief from a final order or judgment within 30 days." The State also argued defendant failed to demonstrate due diligence and his petition was without merit.

¶ 14   On July 27, 2018, the State informed the trial court it had filed a motion to dismiss and requested a hearing on the motion. The trial court advised appointed counsel, "You'll have to file a 651 Certificate ***."

¶ 15   On September 7, 2018, the hearing on defendant's petition commenced. At the hearing, appointed counsel filed a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). In the certificate, counsel stated, "I have made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." At the

hearing, defense counsel argued the sentencing judge did not mention MSR, and petitioner was challenging the constitutionality of the MSR statute on grounds of separation of powers, due process, legislative authority, and double jeopardy. Defense counsel requested the court grant the petition and find the MSR statute unconstitutional.

¶ 16 The trial court asked defense counsel to respond to the timeliness issue as referenced in the State's response. Defense counsel stated, "Your Honor, in looking at the statute, I think it was basically timely filed. You don't have to file it within 30 days. You have to file it after 30 days." Defense counsel read the relevant portion of the statute, which states, " 'Relief from final orders and judgments after 30 days from the entry thereof may be had upon petition as provided in this section.' " Defense counsel also argued defendant showed due diligence, stating that "when you're sitting in jail and trying to figure out what's going on with your case and where you're at, that might have been something that he came upon later on while he was there."

¶ 17 The State conceded the petition could be filed after 30 days. The State then argued defendant failed to demonstrate due diligence and his claims were without merit. The State stated, "I can't tell the Court that he was never admonished about MSR, either within the sentencing hearing or prior to that to correct it because that is simply not alleged in the petition itself." The State also argued that "the issue of overall whether [MSR] is constitutional is, I think, generally pretty well accepted as being constitutional."

¶ 18 In its ruling, the trial court addressed the merits of the petition, declining to find the MSR statute unconstitutional. The trial court then addressed the timeliness of defendant's petition:

"[Defense counsel], you've pointed out that [the petition] can be filed after 30 days, but as a general rule, it's clear it cannot be filed after two years. This was filed after two years. So I also do not find that it was timely filed in this case. It was filed twenty-some years after; not within the two-year time period.

But even if it was timely filed, [the State] has set forth that there has to be the existence of a meritorious defense. That is not the situation we have here. It is not a claim or defense. I do not find that there was due diligence in this matter in the filing of this petition."

The trial court denied defendant's petition.

¶ 19    This appeal followed.

¶ 20                                II. ANALYSIS

¶ 21    Section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2016)) provides "a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment older than 30 days." *People v. Abdullah*, 2019 IL 123492, ¶ 13. A petition for relief from judgment pursuant to section 2-1401 must "affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381, 1386 (1986).

¶ 22    A section 2-1401 petition must be filed no later than two years after entry of the challenged judgment. 735 ILCS 5/2-1401(c) (West 2016). Courts may relax the strict time limit only upon "a clear showing" the individual seeking relief is under legal disability or duress or the ground for relief was fraudulently concealed. *People v. Caballero*, 179 Ill. 2d 205, 211, 688

- 5 -

N.E.2d 658, 660-61 (1997); see also 735 ILCS 5/2-1401(c) (West 2016) (stating "[t]ime during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years"). We review *de novo* the dismissal of a section 2-1401 petition. *People v. Vincent*, 226 Ill. 2d 1, 18, 871 N.E.2d 17, 28 (2007).

¶ 23　　　　Defendant alleges his appointed counsel "failed to provide either a reasonable level of assistance or due diligence" where counsel did not review the relevant statute and failed to amend defendant's petition to address timeliness. Citing *People v. Welch*, 392 Ill. App. 3d 948, 952, 912 N.E.2d 756, 760 (2009), defendant argues we can "assume that a section 2-1401 petitioner is entitled to the same level of assistance as a postconviction petitioner."

¶ 24　　　　There is no constitutional right to the assistance of counsel in postconviction proceedings. *People v. Johnson*, 154 Ill. 2d 227, 237, 609 N.E.2d 304, 309 (1993). The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 to 122-7 (West 2016)) explicitly provides for appointment of counsel at the second stage of postconviction proceedings for an indigent defendant who wished counsel to be appointed. 725 ILCS 5/122-4 (West 2016). This right to counsel is wholly statutory, entitling a defendant only to the level of assistance mandated by the Postconviction Act. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 402 (2007). The Postconviction Act expects appointed counsel to provide reasonable assistance and to present the claims of defendant adequately. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 979-80 (2007). Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) ensures appointed counsel meets those expectations, requiring appointed counsel to "consult with the petitioner to ascertain his contentions, examine the record of the trial proceedings, and make any amendment to the *pro se* petition necessary for an adequate presentation of the petitioner's complaints."

*People v. Nelson*, 2016 IL App (4th) 140168, ¶ 25, 49 N.E.3d 1007. The rule states a certificate filed by appointed counsel may show appointed counsel complied with these requirements. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The certificate creates a rebuttable presumption appointed counsel provided reasonable assistance. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23, 955 N.E.2d 1200. If a defendant establishes appointed counsel failed to fulfill these requirements, remand is required for further postconviction proceedings, without consideration of whether the underlying claims have merit. *Suarez*, 244 Ill. 2d at 47.

¶ 25        Unlike the Postconviction Act, section 2-1401 of the Code neither expressly addresses appointment of counsel, nor specifies the level of assistance required if counsel is appointed by the court. See 735 ILCS 5/2-1401 (West 2016); see also *People v. Pinkonsly*, 207 Ill. 2d 555, 568, 802 N.E.2d 236, 244-45 (2003) ("Section 2-1401 does not specify any level of assistance ***."); *Welch*, 392 Ill. App. 3d at 952 ("[S]ection 2-1401 does not afford a defendant any specific level of assistance."). The circuit court is under no obligation to appoint counsel to represent a section 2-1401 petitioner but may do so at its discretion. See *Tedder v. Fairman*, 92 Ill. 2d 216, 226, 441 N.E.2d 311, 316 (1982).

¶ 26        In *Tedder*, our supreme court determined although a circuit court was not required to appoint an assistant public defender to represent two prisoners who had filed writs of *habeas corpus* and *mandamus*, respectively, it had the discretion to do so. *Tedder*, 92 Ill. 2d at 226. The court went on to state, "[O]nce a circuit court, in its discretion, has determined that appointment of the public defender is appropriate to represent an indigent prisoner, *** then *that assistant public defender is expected to exercise due diligence* in proceeding with the assigned case." (Emphasis added.) *Id.* at 227.

¶ 27 In *Pinkonsly*, our supreme court determined the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), is not applicable to appointed counsel for a section 2-1401 petitioner. *Pinkonsly*, 207 Ill. 2d at 567. The defendant argued he was denied effective assistance of counsel where counsel appointed to represent him in his section 2-1401 petition failed to argue one of the offenses defendant was convicted of was a lesser included offense of another conviction. *Id.* Our supreme court held the appellate court erred by applying the *Strickland* standard but did not determine the correct standard to apply to appointed counsel for section 2-1401 petitions. *Id.* at 568. Instead, the supreme court stated, "Assuming that the defendant was entitled to the same level of assistance on his section 2-1401 petition as on a postconviction petition, the defendant did not receive unreasonable assistance." *Id.*

¶ 28 Relying on the language from *Pinkonsly*, the appellate court held in *Welch*, "The [Postconviction Act] guarantees a petitioner reasonable assistance of counsel while section 2-1401 does not afford a defendant any specific level of assistance. [Citation]. *A court may *** assume that a section 2-1401 petitioner is entitled to the same level of assistance as a postconviction petitioner*." (Emphasis added.) *Welch*, 392 Ill. App. 3d at 952. The court used this assumption to determine the defendant received reasonable assistance of counsel. *Id.* at 953.

¶ 29 Defendant further cites to *dicta* in the Third District's decision in *People v. Walker*, 2018 IL App (3d) 150527, ¶ 29, 93 N.E.3d 734, finding *Pinkonsly* and *Welch* persuasive. However, the Third District determined it need not reach the issue as appointed counsel failed to provide adequate assistance under either standard. *Id.*

¶ 30 Following the filing of briefs in this case, our supreme court issued its opinion in *People v. Stoecker*, 2020 IL 124807. In *Stoecker*, the supreme court determined there is "no basis to expand the statutorily derived right of reasonable assistance of counsel in postconviction

proceedings to section 2-1401 civil proceedings." *Id.* ¶ 41. Rather, the supreme court determined a standard of due diligence, as referenced in *Tedder*, was the appropriate standard of representation. *Id.* ¶ 42. In providing due diligent representation for a section 2-1401 petitioner, "counsel has an obligation, to the best of his or her legal ability, to make a cogent argument in support of petitioner's section 2-1401 claims and to overcome any procedural hurdles where it can legally and ethically be done." *Id.* While under the facts in *Stoecker*, the supreme court found appointed counsel's obligations may include amending a petition, "a claim of lack of due diligence sufficient to warrant remand depends on an arguably meritorious claim." *Id.*

¶ 31 Defendant cites to *Suarez* to argue we should not consider whether the original claims of defendant's petition had merit. See *Suarez*, 224 Ill. 2d at 47 ("[R]emand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit."). However, the standard in *Suarez* to remand regardless of the merits of the petition were predicated on the explicit requirements imposed on postconviction counsel by Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). See *id.* at 51. Although appointed counsel in this case filed a certificate pursuant to Rule 651(c), the decision in *Stoecker* makes clear the requirements of Rule 651(c) as imposed on postconviction counsel do not apply to appointed counsel for section 2-1401 petitions. "Grafting the specific requirements of Rule 651 onto the section 2-1401 civil proceeding would introduce unwarranted exceptions based solely on the criminal-defendant status of a subset of section 2-1401 petitioners that have no express statutory right to counsel." (Internal quotation marks omitted.) *Stoecker*, 2020 IL 124807, ¶ 41. We therefore look to the merits of defendant's petition.

¶ 32    As such, we find any deficiency in counsel's performance would be harmless, as defendant's petition is meritless. In his petition, defendant contended the application of a period of MSR in addition to his judicially imposed determinative sentence is a misinterpretation of the MSR statute and the statute is an unconstitutional intrusion by the legislature on the judiciary where the imposition of a sentence is the sole providence of the judiciary. In addition, defendant argued the extension of his sentence by MSR violates his due process rights and constitutes double jeopardy.

¶ 33    Defendant's arguments all presuppose MSR is an additional sentence, separate and independent of his prison sentence. Our supreme court previously rejected similar arguments in *People v. McChriston*, 2014 IL 115310, 4 N.E.3d 29, and reaffirmed MSR automatically attached to any prison sentence (*id.* ¶¶ 23, 31). "MSR is a mandatory part of a criminal sentence," and a defendant's MSR and prison term "are part of the same sentence, not two different sentences." *People v. Lee*, 2012 IL App (4th) 110403, ¶ 32, 979 N.E.2d 992. We find defendant's petition is meritless where the MSR term was properly included by the trial court.

¶ 34    As defendant's petition is meritless, we do not find appointed counsel was deficient as to warrant remand. *Stoecker*, 2020 IL 124807, ¶ 45 ("[C]ounsel's failure to pursue a meritless claim cannot constitute deficient representation warranting remand.").

¶ 35                            III. CONCLUSION

¶ 36    For the reasons stated, we affirm the trial court's judgment.

¶ 37    Affirmed.