2021 IL App (1st) 191714-U

No. 1-19-1714

Order filed February 16, 2021.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 91 CR 9541 |
| | ) | |
| MARIO ROCHA, | ) | The Honorable |
| | ) | Dennis Porter, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Justices Pucinski and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly dismissed defendant's petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)) when it was filed approximately 27 years after the complained-of judgment. Moreover, even if this court were to overlook the untimely filing of defendant's petition, his claim of actual innocence must fail.

¶ 2    On October 2, 1991, defendant Mario Rocha entered a plea of guilty to possession of a controlled substance with intent to deliver and was sentenced to 24 months of probation. On August 15, 2018, defendant filed, through counsel, a petition for relief from judgment pursuant to

section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). The circuit court granted the State's motion to dismiss the petition. On appeal, defendant contends that the circuit court erred in finding the petition untimely because he was not culpably negligent for failing to bring his claim earlier. He further contends the court erred in finding his actual innocence claim was barred by his guilty plea, and insufficient to "withstand" the motion to dismiss, when it was supported by newly discovered evidence. We affirm.

¶ 3    In 1991, defendant and Raul Alvarez were charged with armed violence and possession of a controlled substance with intent to deliver.

¶ 4    On October 2, 1991, defense counsel told the court that defendant accepted a plea offer from the State and would enter a guilty plea to possession of a controlled substance with intent to deliver in exchange for a sentence of 24 months of probation. The State noted that Alvarez's name was omitted from count I of the indictment and asked that the document be corrected. The trial court asked what happened to Alvarez and the State replied, "S.O.L. warrant."

¶ 5    The State then presented the factual basis for the plea. If called, Chicago police officer Terrence Klark would testify that in the early morning of March 5, 1991, while responding to a call of a man with a firearm, he saw defendant approach a vehicle parked in the middle of the street, hand Alvarez a clear plastic bag containing a white powdery substance, and enter the backseat of the vehicle. Klark observed Alvarez place the plastic bag in the vehicle door, and also saw a .25-caliber automatic firearm in the front seat with Alvarez. Klark ordered defendant from the vehicle and recovered the firearm and the plastic bag. The State further stipulated that the bag weighed 4.9 grams and the contents tested positive for cocaine.

¶ 6    The court found a factual basis for the plea and entered a guilty finding. The court then asked defendant, in pertinent part, whether he was a citizen of the United States. After defendant answered no, the trial court asked defendant whether he understood that a guilty finding in this case could be grounds for deportation. Defendant answered yes. The court thereafter sentenced defendant to 24 months of probation. On March 17, 1994, the trial court entered an order terminating defendant's probation.

¶ 7    On August 15, 2018, defendant filed through counsel a document titled "Free Standing Motion for Relief from Judgment Based on Actual Innocence or, In the Alternative, A Petition for Relief from Judgment Pursuant to 735 ILCS 5/2-1401." The petition alleged that it was a freestanding motion to vacate the judgment and withdraw defendant's guilty plea based upon a claim of actual innocence and that such claims are not time-barred. Specifically, the petition alleged that defendant was not a "knowing participant" in the offense and that Alvarez could not have provided this information sooner because Alvarez was "continuously unavailable" between 1991 and 2016. The petition concluded that this newly discovered, noncumulative evidence of defendant's innocence was of such a conclusive character that would "change the result on retrial."

¶ 8    The petition further alleged that defendant could not seek relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), as he was not subject to "any criminal justice sentence," and that he was prejudiced because the conviction in this case prevented him from obtaining "lawful permanent residence" status. Attached in support were, in pertinent part, transcripts from defendant's plea hearing and a March 28, 1991 probable cause hearing, defendant's affidavit, and Alvarez's affidavit.

¶ 9      In his affidavit, defendant averred that on March 4, 1991, he did not possess narcotics, did not hand narcotics to Alvarez, and had no knowledge that narcotics were present in Alvarez's vehicle. Defendant further averred that he only entered a guilty plea because counsel said it would be his word against that of the officers, and Alvarez, who was also charged, could not be a witness.

¶ 10      In his affidavit, Alvarez averred that he was deported in 2009 following narcotics convictions in both state and federal court. He further averred that he hid the narcotics recovered in this case when defendant was not present, defendant did not hand him narcotics, and he could not be a witness for defendant because he was also charged in this case.

¶ 11      On January 10, 2019, the State filed a motion to dismiss the petition as untimely because it was filed more than two years after the complained-of judgment and defendant presented no evidence that his failure to file a timely petition was due to legal disability, duress, or fraudulent concealment. The motion further alleged that defendant's actual innocence claim failed as it did not present newly discovered evidence.

¶ 12      Defendant filed a response, submitting that because the State only argued that the petition for relief from judgment was untimely filed more than two years after the complained-of judgment, it had waived any argument that a free-standing claim of actual innocence was time barred.

¶ 13      On June 13, 2019, the court heard arguments on the motion to dismiss. The State rested on its motion. Defense counsel argued that defendant could not have brought the facts contained in Alvarez's affidavit to the court sooner because Alvarez was unavailable. Counsel therefore concluded that defendant's actual innocence claim was not time barred and the State waived any argument "regarding the freestanding time issue."

¶ 14    On July 9, 2019, the circuit court dismissed the petition as untimely because it was filed 27 years after the complained-of judgment. In its written order, the court noted that defendant did not claim that his conviction was void, or make a showing that he was under legal disability or duress, or allege that the grounds for relief were fraudulently concealed. Moreover, the State did not waive its timeliness argument. Additionally, even if the petition were not untimely, defendant did not allege that his guilty plea was coerced and the facts contained in Alvarez's affidavit were not newly discovered evidence because they were known to defendant at the time of his guilty plea.

¶ 15    On appeal, defendant contends that the circuit court erred in dismissing the petition as untimely when it established that he was not culpably negligent for failing to bring his claim earlier. Defendant further contends that his claim of actual innocence was not barred by his guilty plea and was supported by newly discovered evidence.

¶ 16    Section 2-1401 of the Code represents a comprehensive statutory procedure by which final orders, judgments, and decrees may be vacated or modified in civil or criminal proceedings more than 30 days from their entry. *People v. Dodds*, 2014 IL App (1st) 122268, ¶ 17; *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). "In considering a section 2-1401 petition, the court must determine whether facts exist that were unknown to the court at the time of trial and would have prevented judgment against the defendant." *People v. Welch*, 392 Ill. App. 3d 948, 952 (2009). To be entitled to relief under section 2-1401 of the Code, a defendant must set forth specific factual allegations supporting (1) the existence of a meritorious defense or claim, (2) due diligence in presenting this defense or claim to the circuit court in the original action, and (3) due diligence in filing the petition. *Dodds*,

2014 IL App (1st) 122268, ¶ 18. "The petition must be supported by affidavit or other appropriate showing as to matters not of record." *Id.*

¶ 17    A petition for relief from judgment must be filed within two years after entry of the judgment being challenged. 735 ILCS 5/2-1401(a), (c) (West 2018); see also *Vincent*, 226 Ill. 2d at 7. This two-year statute of limitations, however, does not apply to petitions brought on voidness grounds or where a clear showing has been made that the person seeking relief was under legal disability or duress or the grounds for relief were fraudulently concealed. See *Dodds*, 2014 IL App (1st) 122268, ¶ 19; see also 735 ILCS 5/2-1401(c) (West 2018) (the "[t]ime during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years"). This two-year limit "must be adhered to in the absence of a clear showing" that one of the exceptions applies. *People v. Caballero*, 179 Ill. 2d 205, 210-11 (1997).

¶ 18    Our standard of review depends on whether the petitioner has presented a factual or legal challenge to a final judgment or order. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. If a petition raises a purely legal issue that does not involve a factual dispute and the trial court enters a judgment on the pleadings or dismissal for failure to state a cause of action, the reviewing court applies a *de novo* standard of review. *Id*. ¶¶ 47-48. If, on the other hand, a section 2-1401 petition raises a fact-dependent challenge to a final judgment, our review is for an abuse of discretion. *Id*. ¶¶ 50-51.

¶ 19    Defendant first contends that the circuit court erred in finding that his petition was untimely because it raised a claim of actual innocence. This is a purely legal argument that we review *de novo*. *Id*. ¶¶ 47-48.

¶ 20     In the case at bar, defendant entered a guilty plea and was sentenced in 1991, and filed the instant petition for relief from judgment in 2018. Because the petition was filed more than two years after defendant's conviction and sentence, the petition is untimely. See 735 ILCS 5/2-1401(c) (West 2018). Moreover, defendant did not allege that the complained-of judgment was void, that he was under a legal disability or duress, or that the grounds for relief were fraudulently concealed. *Id.* Thus, as the petition for relief from judgment was untimely, the court properly granted the State's motion to dismiss.

¶ 21     Defendant nonetheless contends that the petition is not untimely because the two-year limitation does not apply to claims of actual innocence. Essentially, defendant argues he can assert a freestanding claim of actual innocence pursuant to our supreme court's decision in *People v. Ortiz*, 235 Ill. 2d 319 (2009). We do not find this argument persuasive.

¶ 22     In *Ortiz*, our supreme court determined that "in a nondeath case, where a defendant sets forth a claim of actual innocence in a successive postconviction petition, the defendant is excused from showing cause and prejudice." *Id.* at 330. The court explained that "[t]his court has held that the due process clause of the Illinois Constitution affords postconviction petitioners the right to assert a freestanding claim of actual innocence based on newly discovered evidence." *Id.* at 331 (citing *People v. Morgan*, 212 Ill. 2d 148, 154 (2004)). The court noted that accepting a different interpretation of the Act could theoretically bar a defendant from filing a freestanding claim of actual innocence, which the court could not "allow as a matter of substantive and procedural due process under the Illinois Constitution." *Ortiz*, 235 Ill. 2d at 332 (citing *People v. Washington*, 171 Ill. 2d 475, 487-88 (1996)).

¶ 23    In the case at bar, however, defendant did not raise a claim of actual innocence in a postconviction petition pursuant to the Act; rather, he filed a petition for relief from judgment under section 2-1401 of the Code. Thus, the *Ortiz* court's interpretation of the Act is inapplicable. Moreover, although section 122-1(c) of the Act (725 ILCS 5/122-1(c) (West 2018)) states that the three-year limitation for filing a postconviction petition does not apply to a petition advancing a claim of actual innocence, no such exception for claims of actual innocence is listed in section 2-1401 of the Code. Defendant does not provide any authority creating such an exception.

¶ 24    To the contrary, our supreme court has made clear that "an action brought under section 2-1401 is a civil proceeding and, according to this court's long-standing precedent, is subject to the usual rules of civil practice, even when it is used to challenge a criminal conviction or sentence." *Vincent*, 226 Ill. 2d at 6. As previously discussed, "[a] section 2-1401 petition filed more than two years after the challenged judgment cannot be considered absent a clear showing that the person seeking relief was under a legal disability or duress or the grounds for relief were fraudulently concealed." *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003). Therefore, the instant section 2-1401 petition is untimely.

¶ 25    Defendant, however, argues that the circuit court should have reviewed the "timeliness" of his actual innocence claim pursuant to the culpable negligence standard applicable to proceedings under the Act. He relies on *Pinkonsly* to argue that our supreme court "has interpreted [section] 2-1401's timeliness exceptions interchangeably" with those of the Act.

¶ 26    In *Pinkonsly*, our supreme court considered whether the State could raise the timeliness of a defendant's section 2-1401 petition for the first time on appeal. To resolve the issue, our supreme

court looked to *People v. Wright*, 189 Ill. 2d 1 (1999), which dealt with the same issue in the context of a first stage postconviction proceeding.

¶ 27    The court explained that although the Act requires a defendant to allege facts demonstrating a lack of culpable negligence, the State is not permitted " 'to wait until an appeal to raise an affirmative defense that the defendant may be able to avoid by amending his petition.' " *Pinkonsly*, 207 Ill. 2d at 563 (quoting *Wright*, 189 Ill. 2d at 11). In other words, by not raising timeliness before the circuit court, " 'the State ha[d] effectively precluded [the] defendant from seeking to amend his petition to allege facts demonstrating that the late filing was not caused by his culpable negligence.' " *Id*. (quoting *Wright*, 189 Ill. 2d at 11).

¶ 28    The court then noted that like the Act, section 2-1401 of the Code provides exceptions to the limitations period (see 735 ILCS 5/2-1401(c) (West 2002)), and concluded "that [its] statement in *Wright* applie[d] with equal force" to a petition for relief from judgment. *Pinkonsly*, 207 Ill. 2d at 564. The court therefore held that the State waived the timeliness argument by failing to raise it "before the trial court, where any amendments could have been made and any factual disputes could have been resolved." *Id*; see also *People v. Cathey*, 2019 IL App (1st) 153118, ¶ 18 (holding that the circuit court could not "*sua sponte* dismiss a section 2-1401 petition based on untimeliness if that issue was never raised before the [circuit] court," as the application of the limitations period requires a court "to make fact determinations because exceptions are allowed for delays attributable to disability, duress, or fraudulent concealment," and *sua sponte* dismissal deprives a defendant of the chance to amend the petition to allege such facts).

¶ 29    Contrary to defendant's argument on appeal, *Pinkonsly* does not stand for the proposition that the Act's exception for the late filing of a postconviction petition based upon a lack of culpable

negligence applies to petitions for relief from judgment. Rather, the *Pinkonsly* court noted that both section 2-1401 of the Code and section 122-1 of the Act list specific exceptions which a defendant may rely upon to overcome late filing, analyzed the two provisions in the same manner, and concluded that in both a postconviction proceeding and a petition for relief from judgment, the State cannot raise a timeliness argument for the first time on appeal. See *Pinkonsly*, 207 Ill. 2d at 563-64 (noting that "[j]ust" as the Act has an exception to its limitations period for delays not attributable to a defendant's culpable negligence, section 2-1401 of the Code has an exception to its limitations period for delays attributable to disability, duress, or fraudulent concealment).

¶ 30      Here, defendant's petition was filed approximately 27 years after the complained-of judgment and the State moved to dismiss the petition as untimely. Although defendant argues that the limitations period should not apply, he does not allege that any of the exceptions listed in section 2-1401(c) of the Code applied in this case. Accordingly, the circuit court did not err in dismissing the instant petition as untimely. See *Caballero*, 179 Ill. 2d at 210-11 (the two-year limit "must be adhered to in the absence of a clear showing that the person seeking relief is under legal disability or duress or the grounds for relief are fraudulently concealed").

¶ 31      Even if this court were to overlook the fact that defendant's claim is time-barred in this proceeding pursuant to section 2-1401 of the Code and attempt to reach the merits of his actual innocence claim, we would still find that the circuit court properly denied defendant relief.

¶ 32      With regard to his claim of actual innocence, defendant challenges the circuit court's denial of relief on two bases. First, he argues that his guilty plea does not prevent him from raising a claim of actual innocence in a proceeding pursuant to section 2-1401 of the Code. Second, he contends that his actual innocence claim is properly supported by new evidence.

¶ 33     Because these arguments raise a fact-dependent challenge to a final judgment, our review is for an abuse of discretion. *Warren County Soil & Water Conservation District*, 2015 IL 117783, *Id*. ¶¶ 50-51.

¶ 34     Although defendant is correct that his guilty plea does not bar him from raising a claim of actual innocence, the circuit court did not abuse its discretion in denying him relief when he did not support his claim of actual innocence with "new, material, noncumulative evidence that clearly and convincingly demonstrates that a trial would probably result in acquittal." See *People v. Reed*, 2020 IL 124940, ¶ 49.

¶ 35     Our supreme court's recent decision in *Reed*, in which the court addressed whether a defendant who pleads guilty waives any claim of actual innocence under the Act, is instructive. *Id.* ¶ 24. In resolving that issue, the court considered the motives and consequences of a plea in light of a collateral attack on the basis of actual innocence. *Id*.

¶ 36     The court first explained how both the State and a defendant benefit from, and make concessions in, a plea agreement. Because plea agreements can be quicker, provide finality, and permit the conservation of resources, the State is motivated to make concessions including stopping investigations, dismissing charges, and not presenting the totality of the evidence to the trial court. *Id.* ¶ 25. A defendant also benefits by obtaining a more favorable sentence, the dismissal of other charges, and the cost of a trial. *Id.* ¶ 26. However, "[a] guilty plea is an admission of guilt and a conviction in and of itself." *Id.* ¶ 27. Moreover, a guilty plea relieves the State of its burden to prove a defendant guilty beyond a reasonable doubt, and by pleading guilty, a defendant " 'waives all nonjurisdictional defenses or defects,' including constitutional ones." *Id.* (quoting *People v. Burton*, 184 Ill. 2d 1, 27 (1998)).

¶ 37    In that case, the State argued that allowing the defendant's claim of innocence would dissuade it from entering into future plea negotiations because it would be providing concessions without the benefit of finality. *Id.* ¶ 28. Our supreme court disagreed, explaining that "our constitution affords additional due process when newly discovered evidence shows that a convicted person is actually innocent on the basis that '[n]o person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws.' " *Id.* ¶ 29 (quoting Ill. Const. 1970, art. I, § 2). The court noted that a claim of actual innocence is separate and independent from a challenge to the sufficiency of the evidence or a claim there was an error in the proceedings that led to a defendant's conviction. *Id.* ¶¶ 29, 31. Therefore, a "defendant's waiver of his right to challenge the State's proof of guilt beyond a reasonable doubt at trial should not impact his actual innocence claim." *Id.*    ¶ 31.

¶ 38    The court highlighted that although plea agreements are "vital" to our criminal justice system, they "are not structured to 'weed out the innocent' or guarantee the factual validity of the conviction' " *Id.* ¶ 33 (quoting *Schmidt v. State*, 909 N.W.2d 778, 788 (Iowa 2018)). Rather, the "plea system" presents a defendant with a cost-benefit analysis where he may choose to plead guilty in hopes for a more lenient punishment after assessing the State's evidence of guilt versus the evidence for his defense. *Id.* "As such, it is well accepted that the decision to plead guilty may be based on factors that have nothing to do with [a] defendant's guilt." *Id.* Thus, the structure of our criminal justice system permits a trial court to accept a guilty plea even in those cases where a defendant asserts his innocence, as long as a sufficient factual basis exists, and the court provides the required admonishments. *Id.* ¶ 34. The court explained:

"Unlike a conviction after trial, where the State's evidence is scrutinized and must meet the beyond a reasonable doubt standard, the factual basis to support the plea is held to a less stringent level of proof, requiring only a basis from which the court could reasonably conclude that defendant actually committed the acts constituting the offense to which defendant is pleading guilty." *Id.*

¶ 39    Thus, because "pleas are no more foolproof than trials," when a trial court is "met with a truly persuasive demonstration of innocence, a conviction based on a voluntary and knowing plea is reduced to a legal fiction." *Id.* ¶ 35. At this point, additional due process provided by the Illinois Constitution's due process clause is triggered despite the defendant's waiver of all nonjurisdictional defects. *Id.*

¶ 40    The court emphasized its "long-standing preference for life and liberty over holding a defendant to his plea," because "sometimes a manifest injustice outweighs the consequences of [a] defendant's voluntary plea." *Id.* ¶ 36. The court therefore concluded that a guilty plea was "not guilt in fact" and did not prevent a defendant from asserting his right to not be deprived of life and liberty given compelling evidence of actual innocence under the Act. *Id.* ¶¶ 37-38. The court then provided the following standard for actual innocence claims involving those defendants who plead guilty:

"[A] successful actual innocence claim requires a defendant who pleads guilty to provide new, material, noncumulative evidence that clearly and convincingly demonstrates that a trial would probably result in acquittal. New means the evidence was discovered after the court accepted the plea and could not have been discovered earlier through the exercise of due diligence. [Citation.] This is a comprehensive approach where the court

- 13 -

must determine whether the new evidence places the evidence presented in the underlying proceedings in a different light and 'undercuts the court's confidence in the factual correctness' of the conviction. [Citation.]

This higher standard strikes an equitable balance between the defendant's constitutional liberty interest in remaining free of undeserved punishment and the State's interest in maintaining the finality and certainty of plea agreements, while vindicating the purpose of the criminal justice system to punish only the guilty. Because the evidence must be clear and convincing, the standard inherently requires the court to consider the evidence to be reliable. We therefore see no reason to further limit defendants who plead guilty by requiring them to support their petition with forensic evidence." *Id.* ¶¶ 49-50.

¶ 41 Based on the foregoing, in the present case, defendant may raise a claim of innocence on the basis of newly discovered evidence despite his knowing and voluntary guilty plea. See *id.* ¶ 36 ("sometimes a manifest injustice outweighs the consequences of [a] defendant's voluntary plea"). Although defendant filed a section 2-1401 petition rather than a petition under the Act, this court has recently applied *Reed*'s reasoning to a claim of actual innocence raised in a section 2-1401 petition "in the spirt of the rationale in *Reed*, [as]*** a substance-over-form approach." *People v. Patel*, 2021 IL App (3d) 170337, ¶ 18 (applying the rationale of *Reed* to a claim of actual innocence raised in a timely-filed section 2-1401 petition).

¶ 42 That said, the question remains whether the evidence supporting defendant's actual innocence claim in this case is sufficient to warrant relief. In other words, we must determine whether defendant provided "new, material, noncumulative evidence that clearly and convincingly demonstrates that a trial would probably result in acquittal." *Reed*, 2020 IL 124940, ¶ 49.

¶ 43 Here, defendant supported his claim of actual innocence with an affidavit from Alvarez averring that he hid the narcotics recovered in this case when defendant was not present, defendant did not hand him narcotics, and he could not be a witness for defendant because he was also charged in this case. The State argues that this evidence is insufficient to support defendant's claims because this evidence is not "newly discovered." Specifically, it argues that defendant was present and therefore knew exactly what happened on the date of his arrest.

¶ 44 According to *Reed*, "[n]ew means the evidence was discovered after the court accepted the plea and could not have been discovered earlier through the exercise of due diligence." *Id*. In the case at bar, although the source of the alleged evidence may not have been available at the time of defendant's plea, either because Alvarez had fled the jurisdiction or was also facing charges, the substance of the evidence was available to defendant at the time of his plea. We therefore rely on the holding of *Reed* to conclude that the content of Alvarez's affidavit does not constitute new evidence. *Id.* Additionally, although Alvarez would presumably testify that defendant was unaware of the narcotics, Officer Klark would presumably testify that he observed defendant approach a vehicle, hand Alvarez a clear plastic bag containing a white powdery substance and enter the backseat of the vehicle. Accordingly, because defendant did not support his claim of actual innocence with "new, material, noncumulative evidence that clearly and convincingly demonstrates that a trial would probably result in acquittal" (*id.*), he did not state a claim upon which relief could be granted and the circuit court did not abuse its discretion when it denied him relief (*Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶¶ 50-51).

¶ 45 For the forgoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 46 Affirmed.